Filed 7/29/25  P. v. Woods CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>KEVIN DONALD WOODS,<br><br>　　　Defendant and Appellant. | B336946<br><br>Los Angeles County<br>Super. Ct. No. BA462630 |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Dismissed.

Kevin Donald Woods, in pro. per.; Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Kevin Donald Woods appeals from an order taking no action on his request for resentencing under Penal Code section 1172.1.[1]  Woods's appointed appellate counsel filed a brief identifying no issues on appeal and asking that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.  (See *People v. Rosemond* (2025) 108 Cal.App.5th 667, 673 [applying *Delgadillo* to denial of request for resentencing under section 1172.1].)  Woods filed a supplemental brief.  We conclude the order from which Woods purports to appeal is not appealable.  We therefore dismiss the appeal.

## BACKGROUND

In 2018, a jury convicted Woods of assault with force likely to cause great bodily injury.  The jury also found true an allegation that Woods personally inflicted great bodily injury on the victim.  The trial court struck Woods's four strike priors and sentenced him to 18 years in the state prison.  We affirmed Woods's conviction on direct appeal.  (*People v. Woods* (Mar. 27, 2019, B289798) [nonpub. opn.] (*Woods I*).)[2]

---

[1]  References to statutes are to the Penal Code.

[2]  However, we remanded the case for the trial court to consider any motion Woods might make to dismiss one or both of his serious felony priors.  The court declined to do so.  (*People v. Woods* (Nov. 18, 2020, B297545) [nonpub. opn.] (*Woods II*).)  In *Woods II*, we ordered Woods's one-year prison prior stricken.  Even though the trial court already had denied Woods's motion to strike his serious felony priors, he filed another motion before a different judge asking for that same relief.  We dismissed the appeal.  (*People v. Woods* (Jan. 31, 2024, B324181) [nonpub. opn.] (*Woods III*).)

2

On January 30, 2024, Woods filed a form document entitled "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1."[3]  Woods referred to his due process rights being violated at a resentencing proceeding in February 2021 and to an "opportunity to recover" discovery under Senate Bill No. 97.[4]  Woods also checked boxes on the form listing "SB 81," "SB 1393," and "SB 567."  In addition, Woods wrote in, "Penal Code § 1385 amended in 2022 by AB 200 Penal Code §§ 745 & 1473 amended in 2021 by AB 2542 AB 256."

The trial court issued an order noting that, under section 1172.1, subdivision (c), "a defendant is not entitled to file a petition seeking relief from the court under section 1172.1.  If a defendant requests consideration for such relief, the court is not required to respond."  Accordingly, the court stated it would "take no further action on defendant's petition."

Woods appealed and we appointed counsel to represent him on appeal.  On March 26, 2025, counsel filed a brief stating she had "reviewed the entire record on appeal."  Counsel asked us to "follow [the] procedures" set forth in *Delgadillo* and to "exercise [our] discretion . . . to independently review the record for error."  Counsel stated she had written to Woods "explaining [her] evaluation of the record and informing him of [her] intention to file this pleading."  Counsel also stated she had sent Woods "[her] copy of the record on appeal."

---

[3]     Assembly Bill No. 600 (Stats. 2023, ch. 446, § 2), effective January 1, 2024, amended section 1172.1.

[4]     Senate Bill No. 97 (Stats. 2023, ch. 381, § 1), effective January 1, 2024, made certain amendments to section 1473, governing petitions for writs of habeas corpus.

Woods filed a supplemental brief, contending "Appellant had the legal right to invite the trial court to exercise its discretion to recall and resentence him under its authority pursuant to section 1172.1 due to the court had [*sic*] subject matter jurisdiction to correct its own error." Woods also filed a "Motion to Augment the Record." The bulk of Woods's supplemental brief as well as his motion to augment seem to have to do with a complaint he has about the accuracy of an amended abstract of judgment filed in February 2021.

**DISCUSSION**

Under section 1172.1, a trial court may recall a defendant's sentence and resentence him either (1) "on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law," or (2) "at any time upon the recommendation of" certain law enforcement officials. (§ 1172.1, subd. (a)(1).)

However, a defendant has no right to demand resentencing under section 1172.1. Under the statute's express terms, defendants are "not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) Thus, a defendant who files "an unauthorized request for resentencing has no *right* to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*).) Accordingly, a "trial court's decision not to exercise its discretion to recall [a defendant's] sentence [does] not affect [a defendant's] substantial rights under section 1237, subdivision (b), because the trial court has no statutory obligation to act at all on [the defendant's] request." (*Id.* at p. 991. See also

4

*People v. Brinson* (July 14, 2025, A171744) __ Cal.App.5th __
[2025 WL 1922432, at *3].)

As a result, an "order declining to act on a defendant's unauthorized section 1172.1 petition is nonappealable." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 693; *Hodge, supra,* 107 Cal.App.5th at p. 999 ["[A] trial court's order declining to exercise its discretion under section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights under section 1237, subdivision (b)."]; see also *People v. Roy* (2025) 110 Cal.App.5th 991, 998–999; *People v. Wilson* (2025) 109 Cal.App.5th 198, 202.)[5]

Woods has appealed from a non-appealable order and therefore cannot raise other issues on appeal. (See *Hodge, supra,* 107 Cal.App.5th at p. 999.) We therefore do not address the arguments Woods raised in his supplemental brief in addition to appealability.

Because Woods seeks to challenge a non-appealable order, we must dismiss the appeal. Woods's motion to augment the record is denied.

---

[5] In her brief, appellate counsel stated there was "a split of authority between *Hodge et al.* and *People v. Chatman* (2025) 108 Cal.App.5th 650." After counsel filed her brief, the court in *Chatman* granted rehearing, vacated its opinion, and issued a new opinion holding a denial of a request for resentencing under section 1172.1 is not an appealable order. (*People v. Chatman* (Apr. 21, 2025, F087868) [nonpub. opn.] [2025 WL 1156771].) There is no published case holding the denial of a request for resentencing under section 1172.1 is an appealable order.

5

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



EDMON, P. J.



HANASONO, J.